{¶ 50} I respectfully dissent from the majority decision.
 {¶ 51} In the case sub judice, I find that Plaintiffs Amended Complaint cannot relate back to the original Complaint under Civ. R. 15(D) as such rule only permits same when the Plaintiff does not know the name of the defendant and could not discover the defendant's name at such time.
 {¶ 52} The facts in this case do not support such a finding. This is not a case where the Plaintiff was unable to discover the name and/or identity of this defendant. The Plaintiff admitted in her deposition that she was aware that Dr. Swoger was the pulmonologist who treated her husband when he was admitted to the hospital on June 24, 2008. She also admitted she knew Dr. Swoger by name, having seen him around the hospital where she worked as a housekeeper. Furthermore, Dr. Swoger's name appears throughout decedent's chart. Dr. Swoger's consultation report dated June 29, 2004, listing him as a consulting physician, was part of decedent's chart and specifically stated that he participated in decedent's care and that he would be following the patient in the ICU. Additionally, Dr. Swoger's name appears in the "History and Physical Report" prepared by Dr. Bryan wherein Dr. Bryan states that he "[w]ill have Dr. Swoger consult regarding intermittent airway obstruction. Likewise, Dr. McFadden's consultation report, which again was part of decedent's medical chart, stated that Dr. Swoger was consulted and that he assisted with the respirator.
 {¶ 53} I would therefore affirm the decision of the trial court, finding that Appellant's Amended Complaint did not relate back to the filing of the original Complaint and find that Appellant's claims against Dr. Swoger and Union Internal Medicine *Page 18 
Specialties, Inc. are barred by the two-year statute of limitations for wrongful death actions. *Page 1